# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Ahern Rentals, Inc.,

    Plaintiff

v.

EquipmentShare.com, Inc.,

    Defendant

Case No.: 2:19-cv-02138-JAD-BNW

**Order Granting Motion to Stay Case Pending Panel's Decision and Granting Motion to Shorten Time**

[ECF Nos. 42, 43]

    Ahern Rentals, Inc. contends that its competitor, EquipmentShare.com, Inc., has systematically attempted to eliminate it from the equipment-rental industry by using unlawful practices that are designed to pilfer its employees, customers, and trade secrets. Ahern's operative pleading in this case is an 18-claim, RICO-themed tapestry with a host of intentional-tort and conspiracy claims woven into the background.[1] EquipmentShare moves to dismiss all of Ahern's claims[2] and Ahern twice moves to stay this case.[3] In this order, I address only EquipmentShare's second motion to stay and its request for an expedited ruling on that motion.

    This action is not the first or only litigation between these parties that arises out of EquipmentShare's alleged illegal and anticompetitive practices against Ahern. EquipmentShare points out that it has filed a motion to transfer under 28 U.S.C. § 1407 with the U.S. Judicial Panel on Multidistrict Litigation that seeks to have all of the parties' cases transferred to this court.[4] It moves to stay this action pending the outcome of its transfer motion before the Panel,

---

[1] ECF No. 22 (first-amended complaint).

[2] ECF No. 29.

[3] ECF Nos. 17, 42.

[4] *See In re Ahern Rentals, Inc. "Trade Secret" Litigation*, No. 2945, at ECF No. 1 (J.P.M.L. May 6, 2020) (motion to transfer Nos. 20cv705 (D. Ariz), 19cv1788 (E.D. Cal.), 20cv941 (D. Colo.),

arguing that a stay will save the parties from duplicative discovery obligations and better position this court to marshal discovery across the many cases.[5] Ahern argues in response that a stay is not merited because EquipmentShare has a history of delay tactics and has already helped itself to a unilateral stay by abusively responding to Ahern's written-discovery requests with 112 pages of belated objections.[6] Ahern asserts that a stay will embolden EquipmentShare to continue its delay tactics and prevent critical fact finding in this case.[7]

     A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[8] When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[9] These factors weigh in favor of a stay. The ruling on the Panel's docket has the potential to greatly expand the scope of matters before this court and, thus, alter the means and strategies that this court can use to resolve the matters before it. Those matters include the parties' briefed dismissal arguments and not-yet-briefed discovery disputes. Finally, I note that a stay of this

---

19cv2138 (D. Nev.), 20cv94 (D. Nev.), 20cv1428 (D. S.C.), 19cv2823 (D. S.C.), 20cv46 (S.D. Tex.), 19cv1003 (D. Utah), and 20cv542 (W.D. Wash)).

[5] ECF No. 42.

[6] ECF No. 44.

[7] *Id.*

[8] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[9] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

case pending the Panel's decision on the transfer motion is expected to be reasonably short: the Panel is set to hear oral argument on the motion tomorrow.[10]

IT IS THEREFORE ORDERED that EquipmentShare's motion to stay this case **[ECF No. 42] is GRANTED. This action is STAYED for all purposes pending the U.S. Judicial Panel on Multidistrict Litigation's decision on the motion to transfer in** *In re Ahern Rentals, Inc. "Trade Secret" Litigation*, No. 2945. The parties must submit a status report within ten days of the Panel's decision, and any party may move to lift this stay once the Panel issues its decision.

IT IS FURTHER ORDERED that EquipmentShare's motion to shorten the time for determining its motion to stay **[ECF No. 43] is GRANTED**.

_____
U.S. District Judge Jennifer A. Dorsey
July 29, 2020

---

[10] *In re Ahern Rentals, Inc. "Trade Secret" Litigation*, at ECF No. 42 (J.P.M.L. June 26, 2020) (minute order setting hearing).

3